Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5726 | **DATE** | 4/26/2001 |
| **CASE TITLE** | Bazewick vs. Elaine Chao | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum Opinion and Order: for the reasons stated the motion to dismiss is denied. (4-1) Status set for 5/8/01 at 2:30 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 30 2001 | |
| | Notified counsel by telephone. | | date docketed | M |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | 01 APR 27 PM 4:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN C. BAZEWICK, )
)
    Plaintiff, )
)
) No. 00 C 5726
v. )
) Judge John A. Nordberg
ELAINE CHAO, Secretary, U.S. Dept. of Labor, )
Occupational Safety and Health Administration,[1] )
)
    Defendant. )

DOCKETED
APR 3 0 2001

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff John C. Bazewick has filed a nine-page, five-count complaint alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and disability discrimination under the Rehabilitation Act. He states that he has worked since 1987 as a Safety and Health Clerk in the Des Plaines, Illinois office of the Occupational Safety and Health Administration ("OSHA"). He alleges that he was the victim of sex discrimination when his two female supervisors treated him differently from a similarly situated female co-worker. *See* Counts I-III. Plaintiff also alleges that the defendant did not accommodate his disability, which

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Elaine Chao has been substituted for Alexis Herman.

-1-

was hypertension. *See* Count IV. Finally, plaintiff alleges that, after he filed an EEOC discrimination claim, the defendant retaliated against him by placing a unjustified reprimand memorandum in his personnel file. *See* Count V.

## DISCUSSION

In considering a motion to dismiss pursuant to Rule 12(b)(6), we must take as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Slaney v. The Int'l Amateur Athletic Fed.*, 244 F.3d 580, 2001 WL 290511, *13 (7th Cir. March 27, 2001). We will only dismiss a complaint if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Id.*

In considering a motion to dismiss, it is helpful to keep in mind the points made by the Seventh Circuit in *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998). In *Bennett*, the Seventh Circuit rejected the district court's dismissal of an employment discrimination claim based on Rule 12(b)(6). In doing so, the court emphasized that a complaint should be viewed as just a "starting point" point and that, under the notice pleading rules of federal courts, a complaint need not include all the evidence that would be needed to prevail at trial. *Id.* at 518. Nor must a complaint "plead law or match facts to every element of a legal theory." *Id.* In fact, the Seventh Circuit noted that the single sentence "I was turned down for a job because of my race" is enough to defeat a motion to dismiss under Rule 12(b)(6). *Id.* "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Id.* Moreover, "[l]itigants are entitled to discovery before being put to their proof." *Id.* at 519. At the same time, even though a plaintiff is not required to plead all of the underlying facts supporting

his claim, he may plead himself "out of court by alleging facts that establish defendants' entitlement to prevail." *Id.*

We begin by considering Count III, which is clearly sufficient to withstand a motion to dismiss under Rule 12(b)(6). Plaintiff alleges that, even though he was qualified for a job vacancy in his department, his two female supervisors refused to promote him to that position and instead promoted a similarly situated but less qualified female co-worker. *See* Cmplt. ¶¶ 21-26.[2] Defendant's only argument for dismissal is the assertion that the female co-worker did not have the same supervisor and therefore was not similarly situated. We find nothing in the complaint that supports this contention. In fact, plaintiff has clearly alleged that the co-worker "held the same position as" he did. (¶ 15.)

We now turn to the remaining four counts. They are less adequately plead, and it is a close question as to whether they should be dismissed. Despite some doubt as to the ultimate viability of some of these claims, we will not dismiss them at this stage in the litigation. As noted above, in *Bennett*, the Seventh Circuit suggested that it is better to "keep the case moving" rather than to try to fine-tune the various counts through dismissal and repleading. This is especially true given that we have already concluded that the case will go forward with regard to Count III. The government will get another chance to raise these arguments on a motion for summary judgment where a complete record will flesh out any ambiguities or weaknesses that

---

[2]*See Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 612 (7th Cir. 2001) ("a Title VII plaintiff establishes a prima facie case of sex discrimination by showing (1) she was a member of a protected class; (2) she was meeting her employer's legitimate business expectations; (3) she suffered an adverse employment action; and (4) the employer treated similarly situated employees outside the class more favorably").

may exist in plaintiff's case. We note that almost all of the cases cited by the government in support of its current motion to dismiss are summary judgment cases.

With these comments in mind, we will briefly discuss the criticisms directed at each of the four counts. In Count I, plaintiff alleges that his two female supervisors required him to answer the telephone and to seek permission before leaving the work area, but they did not impose such requirements on the similarly situated female co-worker. The government argues that these two actions are no more than "an alteration of job responsibilities," which are not enough to constitute a materially adverse change in employment. *See Crady v. Liberty Nat'l Bank and Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993) ("a materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities"); *Rabinovitz v. Pena*, 89 F.3d 482, 488-89 (7th Cir. 1996). To the extent that Count I rests solely on these two job requirements placed on plaintiff, as they are currently described in the complaint, we would conclude that Count I fails to state a claim for relief. However, as noted above, in light of *Bennett*, we will not dismiss this count at this time based on the possibility that plaintiff could develop other facts to bolster his claim.[3]

In Count II, plaintiff incorporates the specific allegations of Count I but also makes the general allegation that he was subjected to a hostile environment based on conduct that took place "daily for more than seven months." (Cmplt. ¶ 18.) The government construes Count II as a claim resting solely on the two job requirements described in Count I and then argues those

---

[3]In practical terms, it would not change much if we dismissed Count I. There is a related disparate treatment claim in Count III. Because the allegations included in Count I may be used as evidence to support that claim, granting a motion to dismiss on Count I would not limit the overall scope of discovery.

requirements are not pervasive enough to constitute a hostile environment. Even if true, we would not dismiss this count because plaintiff has made a general allegation that he was subjected to a hostile environment. *See, e.g., Mata v. Illinois State Police*, 2001 WL 292804, *4 (N.D. Ill. March 22, 2001) ("The fact that some of [plaintiff's] allegations may be irrelevant does not mean he fails to state a claim."). Also it is a fair inference, in light of overall complaint, to conclude that plaintiff is alleging that the hostile environment related to his sex.

Count IV is a claim for disability discrimination under the Rehabilitation Act, 29 U.S.C. § 791 *et seq*. Plaintiff alleges that he took three medications daily to treat his hypertension and that the medications had side effects, including causing him to urinate frequently and become moody. He claims that the government failed to accommodate his disability in a number of ways.[4] Relying on the Supreme Court's decision in *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516 (1999), the government argues that hypertension that is controlled by medication is not a disability covered by the Americans with Disabilities Act ("ADA"), and hence is not a disability under the Rehabilitation Act, which defines disability in the same way as the ADA. In response, plaintiff points out that the Supreme Court in *Murphy* expressly stated that the question of whether the petitioner was disabled when taking medication for hypertension was not before the court and that it therefore did not have "to consider whether petitioner is 'disabled' due to limitations that persist despite his medication or the negative side effects of his medication." *Id.* at 521. We agree with plaintiff's argument and therefore will not dismiss Count IV. Again, the

---

[4]For example, he alleges that he works more efficiently in the early morning hours because that is when his medicine is most effective and that OSHA changed his starting time from 6:00 a.m. to 8:00 a.m., thus causing him to be more stressed and less productive at his job. (Cmplt. ¶ 34.)

government's argument is one that may be amenable to a motion for summary judgment after more facts are developed.

Finally, Count V is a claim for retaliation. Plaintiff alleges that he filed a discrimination complaint with the EEOC on September 8, 1999 and then two weeks later the defendant retaliated against him by unjustifiably placing a reprimand memorandum in his personnel file. The government relies on the "firmly established circuit precedent that a letter of reprimand is not an adverse employment action unless the letter is accompanied by some other action, such as job loss or demotion." *Krause v. City of La Crosse*, ___ F.3d ___, 2001 WL 357462, *5 (7th Cir. April 10, 2001); *Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir. 1992).

The complaint does not provide a clear description of the specific consequences of the reprimand memo. It appears that plaintiff is simply complaining about the placement of the memo in his personnel file and that he was never suspended nor did he otherwise suffer any additional consequence. If so, then Count IV fails to state a claim for relief under the above-stated circuit precedent. The fact that the reprimand memo may constitute one step along a path that possibly could lead to probation or termination at some indefinite point in the future is not enough. However, we will not dismiss this claim because it is possible either that we have misread the complaint -- and in fact plaintiff is alleging that he was suspended -- or that plaintiff may be able to come forward with some evidence of additional negative repercussions resulting from the allegedly unjustified reprimand memo. *See generally Bryson v. Chicago State Univ.*, 96 F.3d 912, 916 (7th Cir. 1996) (noting that the determination of whether an action is materially adverse "will normally depend on the facts of each situation" and that "a wide variety of actions [] can qualify").

## CONCLUSION

For the reasons stated above, the motion to dismiss is denied.

**ENTER:**

JOHN A. NORDBERG
Senior United States District Court Judge

DATED: April 26, 2001